IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSE MIRANDA-SANTIAGO, et als.,**
**Plaintiffs,**

v.                                                                           CIVIL NO. 03-1962(DRD)

**PEPSI AMERICA DE PUERTO RICO,**
**et al.,**
**Defendants**

**OPINION AND ORDER**

Pending before the Court is the defendant, Pepsi America de Puerto Rico, et al., (Pepsi) *Pepsi's Motion for Summary Judgment* (Docket No. 15) moving the Court to grant summary disposition on the grounds that firstly, plaintiff failed to **timely** exhaust the required administrative procedures hence, plaintiff's claims are time barred, and further that plaintiff failed to establish a *prima facie* case of age and disability discrimination, and plaintiff's failure to demonstrate that defendants' nondiscriminatory reasons for the adverse employment action are a pretext.

**FACTUAL LANDSCAPE**

Plaintiff, Jose E. Miranda-Santiago (Mr. Miranda) at the time of filing the instant complaint was 56 years of age and suffered from chronic gout. Mr. Miranda had been employed by Pepsi for approximately thirty four (34) years and currently performed the duties of a pre-salesman. Mr. Miranda filed the instant complaint alleging that due to his disability and his age Pepsi began a campaign of harassment and discrimination against him with the sole purpose of making him resign from his position. Consequently a complaint was filed under the American with Disabilities Act, 42 U.S.C. §§1201 *et seq*. (ADA), and under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. Plaintiff also filed supplemental claims pursuant to Puerto Rico Law 100, P.R.Laws Ann. Tit. 29, §§146 *et seq*.; Law No. 148 of June 30, 1969, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. Tit. 31 §5141. Plaintiff further alleged that because of a filing with the EEOC, Pepsi took retaliatory actions against him.

The crux of plaintiff's averments relates to Pepsi performing certain changes to plaintiff's compensation, assignment of merchandising duties and sales route. However, the Court notes that Mr. Miranda is member of the Seafarers of Puerto Rico (SIU), affiliated to the Seafarers International Union of North America which is the exclusive labor representative for most Pepsi's employees for the last five years. Further, Mr. Miranda has been represented by the SIU at all pertinent Collective Bargaining Agreements (CBA) between Pepsi and the employees.

Relevant to the duties performed by Mr. Miranda, in 1997 Pepsi incorporated to the pre-salesmen duties those of merchandising the products. Consequently, a grievance was filed by SIU charging that Pepsi had breached the existing CBA. Nevertheless, the arbitrator found that no breach had occurred and judicial review of said award was not pursued by the SIU. Further, the pre-salesmen salary is calculated on a weekly salary plus a commission per box of Pepsi's products sold.

Pursuant to the CBA into effect between 1997-2001, Mr. Miranda's salary was reduced and under a new CBA which went into effect in February 2002 and expired on January 2005 his salary was $212 per week plus $.06 per box sold.  Further, one of Mr. Miranda's client, to wit, Grande Supermarkets was removed from his route.

Mr. Miranda, alleged that he complained to his supervisors about the harassment conduct and discriminatory practices, but nothing was done to correct the situation and that although reasonable accommodations were requested because of his gout, the same were never provided.  Mr. Miranda further alleges that he was constantly threatened with dismissal and that although he was qualified and had seniority status several promotions were denied.  Furthermore, plaintiff sustains that younger individuals were assigned and/or promoted and/or hired to occupy those positions.  Finally, Mr. Miranda filed an administrative charge with the EEOC claiming discrimination under the CBA in effect for the years 2002-2005 and the same was dismissed as untimely filed.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Fed. R. Civ. P. 72(b); Rule 72(a), Local Rules, District of Puerto Rico. See Mathews v. Weber, 423 U.S. 261 (1976). Of course, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections **within ten (10) days after being served a copy thereof**. See Local Rule 72(d); Fed. R. Civ. P. 72(b).

In the instant case, the R & R correctly and clearly points out that any objections to the MRR must have been filed with the Clerk of Court "within ten (10) days afer being served with a copy thereof."  Local Rule 72; see Local Rule 72(d); see also 28 U.S.C. § 636(b)(1).  Further, the "written objections [] shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections."  Local Rule 510.2. "Failure to file objections within the specified time waives the right to appeal the District Court's order."  Local Rule 72(d); see United States v. Mitchell, 85 F.3d 800, 803 (1st Cir. 1996); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).  "Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[objection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

No objections to the R & R have been filed in this case. Therefore, the Court need only

satisfy itself that there is **no plain error** on the face of the record in order to accept the unopposed R & R. See Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); Nettles v. Wainwright, 677 F.2d 404, 410 (5ht Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); Nogueras-Cartagena v. United States, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); Garcia v. I.N.S., 733 F.Supp. 1554, 1555(M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

### LEGAL ANALYSIS

Neither party has objected to the Magistrate Judge's Report and Recommendation, thus the undersigned is relieved from providing a *de novo* review The Court is only bound to satisfy that there is no plain error in order to accept the unopposed R & R. Upon review, the Court finds that there is no plain error in the R & R assessment made by Magistrate Judge Aida Delgado and thus **APPROVES** and **ADOPT*S* in part** the Report and Recommendation as our own.

Prior to filing a Title VII employment discrimination cause of action in court, Title VII requires aggrieved individuals to file an administrative charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred," or within three hundred days if the person is in a "deferral jurisdiction" such as Puerto Rico. 42 U.S.C. § 2000e-5(e)(1). *See also* Landrau-Romero v. Banco Popular de Puerto Rico, 209 F.3d 10 (1st Cir. 2000); Thomas v. Eastman Kodak Company, 183 F.3d 38 (1st Cir. 1999). A discrimination claimant is required to make such a filing, which "while obligatory, is not jurisdictional ... [r]ather, it is more akin to a statute of limitations." Bonilla v. Muebles J.J. Alvarez,Inc., 194 F.3d 275 (1st Cir. 1999)(*citing* Zipes v. Trans World Airlines, Inc., 455 US 385, 393 102 S.Ct. 1127 (1982).[1]

In the instant case, plaintiff's claims are grounded on facts that occurred on or before the 4th day of February 2002, and it is unequivocal that plaintiff did not file an administrative charge within the EEOC until January 14, 2003, that is 344 days after the last discrete act had occurred. Plaintiff's discrimination claims were dismissed by the EEOC as untimely filed. Similarly, the Magistrate Judge's R & R concluded that plaintiff's ADEA and ADA claims were untimely filed however, recommended that plaintiff's claims should be dismissed also for its failure to establish a *prima facie* case of discrimination. The Court deems that although the Magistrate Judge produced a thorough and excellent analysis of the facts and the applicable case law as to lack of a *prima facie* case, at this time it is unnecessary to discuss any other matter but the untimeliness of the charge filed at EEOC level. Plaintiff's administrative charge within the factual scenario stated above was untimely filed hence the claims are time barred except for the claim of retaliation as discussed *infra*.

However, the Court notes that plaintiff avers certain retaliation claims against defendants

---

[1] The Court finds curious the rationale of plaintiff submitting claims under the CBA, since it has been held that discrimination claims are generally nor arbitrable. Wright v. Universal Maritime Service Corp., 525 U.S. 70, 119 S.Ct. 391 (1998); Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011 (1974).

which have occurred after the EEOC administrative claim was filed and/or during the filing of the complaint. According to Clockedile v. New Hampshire, 245 F.3d 1 (1st Cir. 2001) "retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency - *e.g.*, the retaliation is for filing the agency complaint itself." As stated before Plaintiff must exhaust EEOC procedures even in retaliation claims except if the claimant has a filed predicate EEOC civil action in court, wherein previously the claimant properly exhausted EEOC remedies, and the retaliation is reasonably related to said predicate action. Clockedile v. New Hampshire Department of Corrections, 245 F.3d at 3-6. The record is replete with evidence that plaintiff did file an administrative claim before the EEOC but the same was dismissed as untimely filed. The Court deems that plaintiff's retaliation allegations are "reasonably related" to the conduct complained to the EEOC and although the agency dismissed the ADA and ADEA claims as being time barred, said retaliation claims are preserved and consequently should not be dismissed because they are not only timely but also exempt from exhaustion.

However, the Magistrate Judge on the merits of the retaliation complaint did conclude that although plaintiff met the first prong to establish a *prima facie* case of retaliation claim against its employer (plaintiff engaged in a protected conduct), he failed to establish a *prima facie* case of retaliation simply because plaintiff's own admission during his deposition recognized that after the filing before the EEOC, "things had improved". Consequently, the Magistrate Judge deemed that plaintiff's retaliation claims were rebutted by its own testimony and that plaintiff further failed to provide evidence supporting its allegations that Pepsi had retaliatory animus. Absent plaintiff's objections to the Magistrate Judge's R & R, the Court must review for plain error which in the instant case the result is obvious since plaintiff's own admissions recognized that its working conditions had improved.

Furthermore, the Court is precluded on the merits from retaining jurisdiction to entertain plaintiff's claims. The Court explains. The Magistrate Judge's R & R concluded that although the plaintiff's claims were time barred, the Magistrate Judge correctly concluded that plaintiff had failed to establish a *prima facie* case of age discrimination simply because he failed to show that his age was a motivating factor or that younger individuals were treated differently. The Magistrate Judge thoroughly reviewed the record and noticed that the reduction in salary and the changes in route as alleged by plaintiff were the results of negotiations between the employer and the union which were neutral and culminated in a CBA. Consequently, the Magistrate Judge concluded that said averments could not be considered as discriminatory acts incurred by defendants. Furthermore, the Magistrate Judge concluded that the sworn statement provided by plaintiff supporting its opposition to defendants' dispositive motion clearly contradicted his deposition testimony hence recommended that said portions be considered inadmissible.

As to plaintiff's claim under ADA, the R & R deemed that plaintiff's chronic gout ailment met the definition of "impairment" necessary to establish an ADA *prima facie* case but fell short of establishing that said ailment "substantially limited" plaintiff's major life activities. Toyota Motor Mfg. v. Williams, 534 U.S. 184, 197 (2002). The Magistrate Judge noticed that plaintiff failed to provide any type of evidence supporting a finding that indeed said chronic gout condition did in effect limit plaintiff's major life activities. Consequently, plaintiff did not met its threshold hence the statutory hurdle was not cleared.

Neither party has objected to the Magistrate Judge's Report and Recommendation, thus we are not required by law to review it except for plain error which is not found in the R & R. However, upon review, we find no fault with Magistrate Judge Delgado's assessment and thus **APPROVE** and **ADOPT** *in toto* the Report and Recommendation as our own except for the retaliation claim which

we find not time barred but we dismiss as the Magistrate on the merits. Consequently, Defendants' motion for summary judgment is **GRANTED**. Accordingly, Plaintiffs' claims against Defendants under the ADEA, ADA, Title VII and Retaliatory conduct are hereby **DISMISSED WITH PREJUDICE**. Plaintiffs' supplemental law claims under the laws of the Commonwealth of Puerto Rico will be **DISMISSED WITHOUT PREJUDICE** since early on in the case, the general rule is that the Court may discard the supplementary jurisdiction claims should the federal claims be dismissed. United Mine Workers of America v.Gibbs, 383 U.S. 715, 726 86 S.Ct. 1130, 1139 (1966); Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995); 28 U.S.C. §1367(c)(3). **Judgment** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September 2005.

**S/DANIEL R. DOMINGUEZ**
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**